UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARMING BEATS, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> HYPEBEAST, INC., et al., <br><br> Defendants. | 21-cv-7189 (AS) <br><br> MEMORANDUM OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge.

## BACKGROUND

Charming Beats alleges that Defendants Hypebeast and 101 Media unlawfully used one of its copyrighted songs in a video. *See* Am. Compl., Dkt. 33, ¶¶ 28–46. So Charming Beats sued, claiming that Defendants (1) infringed its copyright by posting the video to Hypebeast's Daily Motion webpage and (2) contributed to third parties' infringement by distributing the video to them. *Id.* ¶¶ 36, 77–92.

The amended complaint also mentions a prior lawsuit involving the same song and video. The parties agree that the prior lawsuit was (1) filed in June of 2020 and (2) voluntarily dismissed with prejudice. *Id.* ¶ 70; Dkt. 40, ¶¶ 5–8. Defendants say that prior dismissal bars this suit, so they moved to dismiss under Fed. R. Civ. P. 12(b)(6) based on the affirmative defense of *res judicata*. Dkt. 39. This motion was filed on September 12, 2022, and was fully briefed later that month. On August 3, 2023, this case was reassigned to me. For the following reasons, Defendants' motion is DENIED.

## LEGAL STANDARDS

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). In reviewing a motion to dismiss, the Court "accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

On a motion to dismiss, the Court "may review only a narrow universe of materials." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). Those materials include "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Id.* (alterations adopted) (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)). Courts have also recognized that "it is proper to consider public documents on a motion to dismiss to determine whether claims are barred by prior litigation." *Cowan v. Ernest Codelia, P.C.*, 2001 WL 856606, at *1 (S.D.N.Y.

July 30, 2001); *see also Lucky Brand Dungarees Inc. v. Ally Apparel Resources LLC*, 2006 WL 3771005, at *1 (S.D.N.Y. Dec. 20, 2006).

Affirmative defenses can be raised on motions to dismiss "if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). "The affirmative defense of *res judicata* may be the basis of a motion to dismiss a pleading when it is clear from the records properly before the Court that the doctrine applies." *Lucky Brand Dungarees*, 2006 WL 3771005, at *1.

Here, the Court may compare this case's amended complaint to the 2020 complaint to decide whether *res judicata* "clear[ly]" applies.

## DISCUSSION

*Res judicata* has three elements: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs [and defendants] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014); *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 505 (2d Cir. 2019).

Charming Beats does not dispute (nor could it) that the 2020 voluntary dismissal with prejudice "is an adjudication on the merits for purposes of *res judicata*." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995). And Charming Beats admits that it is the successor in interest to Yesh Music, the plaintiff in the 2020 action. Dkt. 42 at 2. So only two questions remain: (1) whether the 2020 action involved the Defendants (or their privies), and (2) if it did, whether the claims here were, or could have been, raised in the 2020 action.

To resolve this motion, the Court needs to address only the latter question. At this stage, it is not clear that the claims in this suit "were, or could have been, raised in the prior action." *TechnoMarine*, 758 F.3d at 499. Whether a claim "could have been raised" depends on "whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Id.* (quoting *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992)). And to decide whether the "actions arise from the same transaction or claim," courts consider "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (quoting *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001)).

"When analyzing whether a claim is based on the same transaction or occurrence, courts must be mindful that a claim arising subsequent to a prior action … [is] not barred by *res judicata* even if the new claim is premised on facts representing a continuance of the same 'course of conduct.'" *Id.* (quoting *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 383 (2d Cir. 2003) (internal quotation marks omitted)). Though claims might be similar, "[i]f the second litigation involve[s] different transactions, and especially subsequent transactions, there generally is no claim preclusion." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1464 (2d Cir. 1996).

Charming Beats' amended complaint here seems to involve different—and perhaps subsequent—transactions. First, though "inartful" in that the "complaint does not provide dates for the allegedly infringing conduct, drawing all inferences in [Charming Beats'] favor, … the complaint is fairly read to allege a course of conduct … that was ongoing as of … the date of the [2020] complaint." *TechnoMarine*, 758 F.3d at 502–03; *see* Am. Compl., Dkt. 33, ¶¶ 12, 37, 54, 69, 72–73.

Second, Charming Beats' direct-infringement claim in this suit is based on a different website. In the 2020 complaint, Charming Beats said the defendants there had infringed by posting the video containing Charming Beats' song to YouTube. *See* Dkt. 40, Ex. 1, ¶¶ 17–40. In this case's amended complaint, Charming Beats focuses on Hypebeast's Daily Motion webpage, which also hosted the video "[e]ven after the Complaint in this matter was filed." Am. Compl., Dkt. 33, ¶ 37. The Daily Motion post represents a different reproduction and performance, giving rise to a different copyright violation and different claim. 17 U.S.C. § 106(1), (4); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 & n.6 (2014); *see also Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992). At least on its face, then, the amended complaint's direct-infringement claim is based on a separate, potentially subsequent, transaction.

Third, Charming Beats' contributory-infringement claim is based on conduct not alleged in the 2020 complaint. Granted, the 2020 complaint mentioned "downstream uploaders," but only to say the video was being widely viewed. Dkt. 40, Ex. 1 ¶¶ 20. Now, Charming Beats alleges that Defendants have actively distributed the video to third parties. Am. Compl., Dkt. 33 ¶¶ 40–46. These allegations describe distinct distributions and performances. 17 U.S.C. § 106(3), (4). So they could also be distinct transactions. Finally, Charming Beats has represented that its amended complaint here "expressly carve[s] out all pre-dismissal conduct by the defendants." Dkt. 42 at 6. That is, conduct predating the dismissal of the prior action.

True, at their cores, the claims in this case and those in the prior action share a premise: that the Hypebeast video unlawfully copies Charming Beats' song. But overlap in parties, course of conduct, and legal issues is not decisive. *See Prime Mgmt. Co. v. Steinegger*, 904 F.2d 811, 815 (2d Cir. 1990); *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1259–60 (2d Cir. 1983).

Given that the Court is not dismissing this case on *res judicata* grounds at this stage, it need not decide whether this case involves the same defendants as the prior action (or their privies). But just in case this defense is presented again at trial, the Court touches on the issue briefly. Defendant 101 Media was a defendant in the prior action, and the claims against it were voluntarily dismissed with prejudice. Normally, this would count for *res judicata* purposes. *Chase Manhattan Bank*, 56 F.3d at 345. Yet Charming Beats urges that 101 Media was never served with the complaint in the prior action, and it claims that this shortcoming makes a legal difference. The Court doubts that argument, but neither side directly addresses it. If *res judicata* is asserted at trial, the parties should address the significance of lack of service on 101 Media directly and in detail.

As to 101 Media's codefendant here, Hypebeast, Charming Beats argues that the Hypebeast in this case wasn't a defendant in the first case. Charming Beats says that in the first case, a different

Hypebeast entity was sued, and that the Defendants here have since disavowed any relationship with that company. Whether that is the case, and whether the Hypebeast entity in this case could nevertheless assert *res judicata* based on privity with 101 Media, are issues that again should be directly addressed if this defense is raised at trial.

## CONCLUSION

On the present motion—a motion to dismiss under Fed. R. Civ. P. 12(b)(6)—there is not enough to decide whether the claims in this case are so related to those in the prior action as to be barred under *TechnoMarine*'s fact-intensive, multifactor balancing test. And parts of the amended complaint here suggest that the relevant conduct postdates the 2020 dismissal of the prior action. So at the very least, whether *res judicata* applies is not "clear." The Court makes no determination about whether Defendants' *res judicata* defense may be viable on a full record at trial. And Charming Beats should remain mindful of its representation that it "expressly carved out all pre-dismissal conduct." Dkt. 42 at 6.

For these reasons, Defendants' motion to dismiss is DENIED.

The Clerk of Court is directed to close ECF No. 39.

SO ORDERED.

Dated: August 23, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge